UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ADOBE DATA TRACKING LITIGATION | Case Nos. 25-cv-03032-NW; 25-cv-03911-NW |
| MINCHUL PAUL CHWE,<br>　　　　Plaintiff,<br>　　v.<br>ADOBE INC.,<br>　　　　Defendant. | **ORDER GRANTING MOTION TO CONSOLIDATE; ORDER GRANTING MOTION TO APPOINT LEAD COUNSEL**<br><br>Re: ECF No. 48 |

On September 3, 2025, the Court ordered the parties to file supplemental briefing on whether, and why, *Chwe v. Adobe Inc.* should remain separate from the consolidated action, *In re Adobe Data Tracking Litigation*. ECF No. 48. The parties each filed supplemental briefs. ECF Nos. 50, 51. Additionally, the Court denied without prejudice Plaintiffs' motion for lead counsel. Plaintiffs filed a joint supplemental brief regarding the appointment of lead counsel. ECF No. 52. Having considered the parties' briefs and the relevant legal authority, the Court GRANTS the motion to consolidate and APPOINTS Interim Co-Lead Counsel.

I.   **CONSOLIDATION**

In their supplemental briefs, no party opposed consolidation. As a result, the Court CONSOLIDATES the following actions pursuant to Federal Rule of Civil Procedure 42(a) for all purposes: *In re Adobe Data Tracking Litigation* (25-cv-03032) and *Chwe v. Adobe Inc.* (25-cv-03911). All future filings will be filed in Case No. 25-cv-03032-NW. The Court ORDERS the Clerk of the Court to administratively close *Chwe v. Adobe Inc.* (25-cv-03911).

## II. APPOINTMENT OF INTERIM CO-LEAD COUNSEL

The Court APPROVES Plaintiffs' selection of Lowey Dannenberg, P.C., Milberg Coleman Bryson Phillips Grossman, PLLC, and DiCello Levitt LLP as Interim Co-Lead Counsel for the proposed class, with Christian Levis, Amanda Fiorilla, Gary Klinger, and Daniel Schwartz to serve as co-lead attorneys. The Court has determined that these firms are well-qualified to serve as Interim Co-Lead Counsel, and that appointing these firms is in the best interests of the proposed class under Federal Rule of Civil Procedure 23(g). Each firm has performed substantial work on behalf of the proposed class, has sufficient experience and applicable knowledge necessary to effectively represent the proposed class, and has substantial resources to commit to representing the proposed class in this action.

Interim Co-Lead Counsel shall have the following responsibilities:

a. To make, brief and argue motions, and to file papers and participate in proceedings initiated by other parties;
b. To initiate, conduct and defend discovery proceedings;
c. To act as spokesperson at pretrial conferences;
d. To negotiate with defense counsel with respect to settlement and other matters;
e. To call meetings of counsel for Plaintiffs in this action;
f. To make all work assignments to Plaintiffs' counsel to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;
g. To conduct trial and post-trial proceedings;
h. To consult with and employ experts;
i. To request that the Court approve settlements, if any, and fee awards;
j. To allocate fees;
k. To perform such other duties and to undertake such other responsibilities as it deems necessary or desirable in the prosecution of this litigation; and
l. To coordinate and communicate with Defendant's counsel with respect to matters addressed in this paragraph and subparts.

Interim Co-Lead Counsel shall have the sole authority to communicate with Defendant's counsel and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Co-Lead Counsel, including by any co-lead attorney, and such agreements shall be binding on all other Plaintiffs' counsel.

Interim Co-Lead Counsel shall submit an application for renewal of Interim Co-Lead Counsel status within one year from today's date. The Court may also review the selection of Interim Co-Lead Counsel at any time on a showing of good cause.

Finally, this Court is committed to ensuring that junior lawyers and lawyers from groups that have been historically underrepresented in the legal profession have meaningful opportunities to participate in litigation and strongly encourages all parties in this case to make meaningful opportunities available for junior and underrepresented lawyers throughout this action.

Within 21 days of this Order, Plaintiffs shall file a consolidated complaint. Subsequently, Defendant shall file a responsive pleading within 30 days of the filing of the consolidated complaint. Should Defendant file a motion as their responsive pleading, Plaintiffs shall file an opposition within 14 days, and Defendant shall file a reply in 7 days.

**IT IS SO ORDERED.**

Dated: October 1, 2025

Noël Wise
United States District Judge