UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re ADOBE DATA TRACKING LITIGATION

Case No. 25-cv-03032 NW (NC)

**ORDER ADDRESSING DISPUTE OVER DATA PRESERVATION PROTOCOL**

RE: DKTS. 53, 68, 100

In this putative class action case challenging certain of Adobe's data tracking practices, the parties present an early disagreement about what electronic data Adobe must preserve during the litigation. The parties first filed their discovery dispute on September 19, 2025. Dkt. 53. I held a discovery hearing on October 15, 2025, in which I encouraged the parties to further explore middle ground and ordered them to file their proposed protocols by November 17, 2025. Dkt. 68. Adobe filed a declaration of Eric Kienle attesting to the asserted burden of Plaintiffs' proposed protocol. Dkt. 69. As detailed in their most recent report (Dkt. 100), the parties have continued to meet and confer and have filed a handful of subsequent updates and requests for extensions concerning a preservation protocol. Dkts. 81, 85, 89, 92, 98. The parties have yet to come to agreement on a proposed preservation protocol. Rather, in Dkt. 100 they make competing proposals.

On a separate track, Adobe moved to dismiss the operative consolidated amended complaint. Dkt. 84. Plaintiffs opposed. Dkt. 93. That motion is scheduled for hearing April 15, 2026, before the presiding Judge, District Court Judge Wise.

To tether the preservation protocol to the Federal Rules of Civil Procedure, issues about "preservation of electronically stored information" are part of the discovery plan that the parties are required to confer about "as soon as practicable" pursuant to Fed. R. Civ. P. 26(f)(1) and 26(f)(3)(C). Furthermore, a failure to take "reasonable steps" to preserve "electronically stored information" by a defendant may be remedied through Fed. R. Civ. P. 37(e), which may include a Court order to cure any prejudice, a presumption against the party that failed to preserve, a jury instruction, and default judgment. Fed. R. Civ. P. 37(e).

This case is not at the Rule 37(e) remedy phase. We are closer to the beginning. This order is intended to promote a discovery plan in which Adobe will take reasonable steps to preserve its electronically stored information. As other cases demonstrate, preservation protocols often require a multi-step process. *E.g., Calhoun v. Google LLC,* N.D. Cal. Case No. 20-cv-5146 YGR (SvK). One reason for this is that the defendant in a case like this one has an information advantage over the plaintiff as to what, where, and how the defendant possesses and preserves its electronically stored information.

Structurally, Plaintiffs ask the Court to endorse additional targeted discovery; depositions under Fed. R. Civ. P. 30(b)(6); and a "data tracing" project. Dkt. 100 at p. 3. Adobe, on the other hand, suggests it be ordered to preserve 24 hours of data for all AEP customers and that the parties negotiate a sampling protocol from that data. Dkt. 100 at p. 10. Adobe also prefers witness declarations to piecemeal Rule 30(b)(6) depositions. *Id.*

In the interest of moving this dispute forward after six months of negotiations, the Court grants in part the relief requested by Plaintiffs. Adobe by March 16, 2026, is ordered to designate Rule 30(b)(6) witness or witnesses who can "explain the relationship among Adobe's products and the repositories where data is held, including which data is stored in each respective system." Dkt. 100 at p. 3. Plaintiffs may depose these witnesses

by April 14, 2026. The depositions are limited to 10 hours total. The parties must cooperate in scheduling. The remainder of Plaintiffs' preservation request is denied without prejudice. The parties must continue to confer in an effort to agree on a preservation protocol. By April 28, 2026, the parties must file a joint status update on the preservation protocol.

**IT IS SO ORDERED.**

Dated: March 9, 2026

NATHANAEL M. COUSINS
Chief Magistrate Judge

United States District Court
Northern District of California